2025 IL App (1st) 241213-U

No. 1-24-1213

Order filed June 13, 2025

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| BRIANA D. JOHNSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 D 350042 |
| | ) | |
| TERRELL L. BURNS, | ) | Honorable |
| | ) | Kevin M. O'Donnell, |
| Respondent-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MITCHELL delivered the judgment of the court.
Presiding Justice Mikva and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's order for child support is affirmed where respondent failed to present a sufficient record to show that the circuit court abused its discretion and imposed an undue financial burden.

¶ 2    Respondent, Terrell L. Burns, *pro se*, appeals the circuit court's order requiring respondent to pay monthly child support payments of $807.88 for his two minor children and to provide medical insurance for his children at a cost of $87.62 per month. Respondent contends on appeal that the circuit court imposed an undue financial burden on him given his income and essential

living expenses and asks this court to reduce his monthly child support payment to $300. For the following reasons, we affirm.

¶ 3     On April 17, 2024, the Illinois Department of Healthcare and Family Services filed a complaint for child support against respondent on behalf of petitioner Briana D. Johnson. The children resided with Johnson. The complaint stated that the Department was providing child support services pursuant to Title IV-D of the Social Security Act (42 U.S.C. § 651 *et seq.* (2024)) and the Illinois Public Aid Code (305 ILCS 5/10-1 *et seq.* (West 2024)).

¶ 4     The Department requested that the circuit court order respondent to pay for current child support commencing with the date of service of the summons and, as determined by the circuit court, to pay support for the period prior to the commencement of the action. The Department further requested that respondent be ordered to pay for health care coverage for his children. Respondent acknowledged paternity of his son, born in 2018, and daughter, born in 2021.

¶ 5     On May 23, 2024, the circuit court entered a uniform order for support requiring respondent to pay monthly child support payments of $807.88 and monthly medical insurance payments of $87.62. The circuit court ordered the payments to be effective as of April 17, 2024. The order stated that respondent's net income was $18 per hour. Respondent was not required to pay an arrearage or retroactive support. The order stated that it was entered after a hearing at which respondent, Johnson, and an assistant state's attorney were present.

¶ 6     On appeal, respondent contends that the circuit court erred because it imposed an undue financial burden on him given his gross monthly income of $2880 and his significant expenses necessary for maintaining a basic standard of living. Respondent further argues that the circuit court failed to fully consider his obligation to provide medical insurance for the children as an

integral part of his overall child support payment. In addition, respondent asserts that the circuit court failed to recognize that modifying the child support order would be in the children's best interests by ensuring that they receive adequate support while also considering his financial limitations. Respondent asks this court to "reevaluate" the circuit court's order in light of the financial realities and reduce his monthly child support payment to $300.

¶ 7     Johnson has not filed a responsive brief in this court. On March 3, 2025, we entered an order taking this case for consideration on the record and respondent's brief only. See *First Capital Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976).

¶ 8     Generally, a circuit court's order regarding child support payments is reviewed for an abuse of discretion. *In re Marriage of Westlund*, 2020 IL App (1st) 190837, ¶ 34. An abuse of discretion will be found only where the circuit court's decision is arbitrary, unreasonable, fanciful, or where no reasonable person would agree with the circuit court's judgment. *Id.*

¶ 9     Here, we find that our review of this appeal is hampered by an incomplete record. The record before this court consists solely of one 26-page common law record containing court documents. An appellant, here respondent, has the burden of presenting a sufficiently complete record of the circuit court proceedings to support his claims of error and, in the absence of such a record, this court will presume that the circuit court's order conformed with the law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts arising from an incomplete record will be resolved against the appellant. *Id.* at 92.

¶ 10    "Where the issue on appeal relates to the conduct of a hearing or proceeding, this issue is not subject to review absent a report or record of the proceeding." *In re Marriage of Westlund*, 2020 IL App (1st) 190837, ¶ 36. Pursuant to Illinois Supreme Court Rule 321 (eff. Oct. 1, 2021),

the record on appeal shall include the common law record, including every document filed in the case, and any report of proceedings prepared in accordance with Illinois Supreme Court Rule 323 (eff. July 1, 2017). Rule 323 provides that the report of proceedings may be a transcript prepared by court reporting personnel or, if no verbatim transcript is available, an appellant may file a bystander's report (Rule 323(c)) or an agreed statement of facts (Rule 323(d)).

¶ 11    Here, the record does not contain a report of the circuit court proceedings in any format for the May 23, 2024, hearing at which the circuit court determined respondent's net income and monthly child support payment. The record before this court consists of one volume of common law documents, which alone are insufficient to allow this court to find an error by the circuit court. Without a report of proceedings or acceptable substitute, this court has no knowledge of what testimony, evidence, and arguments the parties presented to the circuit court at the hearing. Nor do we know the reasoning or rationale that provided the basis for the circuit court's determination of the amount of the child support payment.

¶ 12    The circuit court's order was written on the five-page preprinted "Uniform Order for Support" form used by the Domestic Relations Division of the circuit court on which boxes are checked and blank lines are filled in. The order states that the circuit court found respondent's net income was $18 per hour. We do not know how the circuit court determined that amount or how it concluded that the appropriate monthly child support payment was $807.88. Under these circumstances, this court must presume that the circuit court acted in conformity with the law and ruled properly after considering the evidence before it. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005); *Foutch*, 99 Ill. 2d at 391-92.

¶ 13    For these reasons, we affirm the judgment of the circuit court of Cook County.

¶ 14    Affirmed.